# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KEITH WILLIAM DODGSON, JR.,<br><br>Plaintiff,<br><br>v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP.<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. _____<br><br>JURY TRIAL DEMANDED<br><br>COMPLAINT |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Keith William Dodgson, Jr., against Defendant First Advantage Background Services Corporation, for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*,

## PARTIES

2. Plaintiff Keith William Dodgson, Jr. is an adult individual who resides in Clarksville, TN.

3. Defendant First Advantage Background Services Corp. (hereafter "First Advantage") is a business consumer reporting agency that regularly conducts business in the Northern District of Georgia, and which has its

headquarters and a principal place of business located at 1 Concourse Pkwy, Ste. 200, Atlanta, GA 30328.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6. Defendant First Advantage reported derogatory and inaccurate information relating to Plaintiff and Plaintiff's criminal history to third parties (hereafter the "inaccurate information").

7. The inaccurate information includes listing Plaintiff as a registered sex offender from Pennsylvania. Plaintiff, however, is not a registered sex offender. The inaccurate information instead relates to another individual.

8. First Advantage has inaccurately reported these charges on Plaintiff's consumer report in April 2016 when it sold a criminal background report to the Clarksville National Little League with whom Plaintiff applied to be a coach for his son's little league team.

9. Specifically, Plaintiff applied for and was denied the opportunity to be employed as an assistant coach with his son's Little League team in or around April 2016.

10. The basis for this action was the inaccurate information that appears on Plaintiff's consumer reports.

11. Plaintiff further received no contemporaneous notice from Defendant in connection with the application that public record information was being reported about Plaintiff at the time it sold a consumer reports about Plaintiff for employment purposes in compliance with 15 U.S.C § 1681k.

12. Additionally, Defendant does not maintain strict procedures designed to insure that such information is complete and up to date, as required by 15 U.S.C. § 1681k(a)(2).

13. Plaintiff further disputed the inaccurate information with First Advantage in or around April 2016 by following First Advantage's established procedures for disputing consumer information.

14. First Advantage, however, refused to accept and/or reinvestigate Plaintiff's dispute of the inaccurate information.

15. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of denied and/or delayed employment opportunities, harm to reputation, emotional distress, humiliation and embarrassment.

16. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of

their agency or employment, and under the direct supervision and control of the Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – FIRST ADVANTAGE
## VIOLATIONS OF THE FCRA

18. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

19. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

20. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

21. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

22. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

23. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for:

(a) willfully and negligently failing to provide notice to Plaintiff that public record information was being reported for employment purposes in violation of 15 U.S.C § 1681(k); and/or

(b) willfully and negligently failing to employ strict procedures to ensure that public record information is complete and up to date, in violation of 15 U.S.C § 1681(k).

24. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681i.

25. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

32. Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

by:  /s/ James M Feagle
James M. Feagle
Georgia Bar No. 256916
Cliff R. Dorson
cdorsen@skaarandfeagle.com
2374 Main Street
Suite B
Tucker, GA 30084
404 / 373-1970
404 / 601-1855 fax

Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
kskaar@skaarandfeagle.com
133 Mirramont Lake Drive
Woodstock, GA  30189

        770 / 427-5600
        404 / 601-1855 fax

        Gregory Gorski, Esq.
        (*pro hac vice* motion forthcoming)
        Francis & Mailman, P.C.
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA  19110
        Telephone:  (215) 735-8600
        Facsimile: (215) 940-8000

        ***Attorneys for Plaintiff***