IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEITH WILLIAM DODGSON, JR., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
|  | : 1:16-CV-1894-ODE-JSA |
| FIRST ADVANTAGE BACKGROUND SERVICES CORP., | : |
| Defendant. | : |

## SCHEDULING ORDER

Upon review of the Joint Preliminary Report and Discovery Plan [9] ("JPR") filed by the parties, the Court approves the deadlines therein, and **ORDERS** that the time limits for adding parties, amending pleadings, filing motions, completing discovery, filing a proposed pretrial order, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court except as herein modified.

This case has been assigned to a four-month discovery track and, pursuant to the Local Rules of this Court, the discovery period ends on **January 4, 2017**. *See* LR 26.2A, NDGa (the discovery period begins thirty days after the first defendant files an answer). The parties are advised that, **if a discovery dispute arises between the parties, counsel and *pro se* litigants are required to contact the chambers of the**

**undersigned by telephone jointly, with their adversary on the line, before filing a motion.** If successive attempts to contact the adversary are unsuccessful, if the adversary refuses to contact the Court jointly, or if there is some other good cause for why a joint call could not be accomplished, the initiating party may send a letter, not to exceed two (2) pages, describing the discovery issue for which relief is sought and the reasons why no joint call was made. This letter must be copied on all adversaries. Motions to compel, motions for protective order, motions for sanctions or any other motion arising out of a dispute over any discovery matter should ordinarily not be filed without a prior conference with the Court.

Pursuant to Local Rule 16.4, the parties must file a proposed pretrial order no later than thirty (30) days after the close of discovery, or entry of the court's ruling on any motions for summary judgment, whichever is later. *See* LR 16.4, NDGa. The Court extends the deadline for filing a proposed consolidated pretrial order until **forty (40) days** after the close of the discovery period, or, in the event that any party files a motion for summary judgment, until **thirty (30) days** after the district court's final ruling on all pending motions for summary judgment, whichever is later.

Finally, a review of the docket indicates that the parties' Certificates of Interested Persons and Corporate Disclosure Statements have not been filed. Pursuant to Local Rule 3.3, a Certificate of Interested Persons and Corporate Disclosure

Statement must be filed by counsel for all private parties at the time of first appearance. LR 3.3, NDGa. As of this date, neither party has filed a Certificate of Interested Persons and Corporate Disclosure Statement. Accordingly, the parties are **ORDERED** to file these documents within **fourteen (14) days** of the date of this Order. The parties are advised that a failure to comply with this Order may result in sanctions, including dismissal of the case or default judgment. *See* FED.R.CIV.P. 41(b); LR 16.5 and 41.3, NDGa.

    **IT IS SO ORDERED** this 7th day of September, 2016.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE